# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 45

*October Term, A.D. 2014*

March 25, 2015

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

THOMAS E. BARNES, WSB #5-2087,

Respondent.

D-12-0009

## ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1]    **This matter** came before the Court upon the "Report and Recommendation for Reinstatement," filed herein March 16, 2015, by the Board of Professional Responsibility for the Wyoming State Bar.  By order entered January 16, 2013, this Court disbarred Respondent.  Pursuant to Section 24(c) of the Disciplinary Code, this Court specified that Respondent would be permitted to petition for reinstatement to the Wyoming State Bar two years after the date of suspension.  *Board of Professional Responsibility, Wyoming State Bar v. Barnes*, 2013 WY 5, 297 P.3d 77 (Wyo. 2013).  Now, after a careful review of the Board of Professional Responsibility's Report and Recommendation for Reinstatement and the file, this Court finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court; and that the Respondent, Thomas E. Barnes, should be reinstated to the practice of law.  It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that the Respondent, Thomas E. Barnes, be, and hereby is, reinstated to the practice of law in Wyoming, effective immediately; and it is further

[¶4]   **ORDERED** that, pursuant to Rule 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶5]   **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶6]   **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7]   **DATED** this 25th day of March, 2015.

**BY THE COURT:***

/s/

**E. JAMES BURKE**
**Chief Justice**

***Justice Davis took no part in the consideration of this matter.

BEFORE THE SUPREME COURT

OF THE STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAR 1 6 2015

CAROL THOMPSON, CLERK

BY DEPUTY

In the matter of )
THOMAS E. BARNES, )
WSB # 5-2087, )
)                    WSC No. D-12-0009
Respondent. )

# REPORT & RECOMMENDATION FOR REINSTATEMENT

THIS MATTER came before the Board of Professional Responsibility (the "Board") on the 10th day of March, 2015, for consideration of the Stipulation for Reinstatement of Respondent. In addition to reviewing the Stipulation and the accompanying Affidavit of Factual Basis, the Board received comments from Mark W. Gifford, Bar Counsel, and from Respondent. The Board, having considered the Stipulation, the supporting Affidavit, and being fully informed in the premises, FINDS and RECOMMENDS as follows:

1.      Respondent was disbarred by order of the Wyoming Supreme Court dated January 16, 2013. Respondent's disbarment followed his conviction of one count of felony forgery for which Respondent was sentenced to two years of supervised probation. Respondent was granted First Offender status as provided in W.S. § 7-13-301.

2.      Following the criminal conviction, Bar Counsel instituted disciplinary proceedings. Respondent failed to respond to the formal charge and default was entered. At the sanction hearing held December 3, 2012, Respondent testified and expressed remorse for his conduct, for which Respondent had made full restitution.

3.      In consideration of the following mitigating factors: (a) absence of a prior disciplinary record; (b) timely good faith effort to make restitution or rectify consequences of mis-

1

conduct; (c) imposition of other penalties or sanctions; and (d) remorse, the Board recommended Respondent's disbarment with the proviso that Respondent "may petition for reinstatement following the dismissal of the pending criminal matter, but in no event less than two years from the date of the Order of Disbarment." The Court accepted the Board's recommendation and so provided in the Order of Disbarment.

4.    Section 24(c) of the Disciplinary Code provides, "An attorney who has been disbarred may not petition for reinstatement for at least five (5) years from the effective date of disbarment unless another period is specified in the order." Here, the Order of Disbarment specified another period.

5.    On February 26, 2015, Respondent filed a timely petition for reinstatement pursuant to Section 24 of the Disciplinary Code and submitted the requisite $1,000.00 fee.

6.    Section 24(f) of the Disciplinary Code provides:

> Following receipt of a petition for reinstatement, Bar Counsel and the attorney may stipulate to reinstatement by submitting to the BPR a written stipulation and affidavit of the attorney which provides a detailed description of the factual basis for compliance with the elements detailed below in subsection (g). Any such stipulation shall be approved or disapproved by the BPR. If the stipulation is approved, a report and recommendation shall be transmitted to the Court. If accepted by the Court, the Court shall issue its order stating that the attorney is reinstated to the practice of law, which may include any conditions the Court deems appropriate.

The elements detailed in subsection (g) are:

> (i) The respondent has been rehabilitated;

> (ii) The respondent has substantially complied with all requirements imposed by the Court;

> (iii) The respondent has the character and fitness qualifications to practice law in this state as outlined in Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law;

2

(iv) The respondent is competent to practice law in this state;

(v) The respondent's resumption of the practice of law shall not be detrimental to the administration of justice and the public interest.

7. As reflected in Respondent's affidavit of factual basis submitted herewith and the exhibits to same:

a. Respondent complied with all terms of his probation.

b. The underlying criminal action was dismissed by order dated March 21, 2014.

c. Respondent is current on payment of annual license fees and is compliant with all Continuing Legal Education requirements.

8. Bar Counsel stipulates that Respondent has the character and fitness to practice law in this state, and that Respondent's resumption of the practice of law will not be detrimental to the administration of justice and the public interest.

## RECOMMENDATION

In consideration of the foregoing, a quorum of the Board unanimously recommends that Respondent be reinstated as an active member of the Wyoming State Bar.

DATED this 17th day of March, 2015.

Rex O. Arney, Vice Chair
Board of Professional Responsibility
Wyoming State Bar

3